UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NADIA DABUL-MONTINI o/b/o N.D.,

        Petitioner,

  v.              09-CV-0966

MICHAL J. ASTRUE :
Commissioner of Social Security,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

  Plaintiff's attorney, Louise M. Tarantino of the Empire Justice Center, moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes the present motion asserting the requested attorney's fees are excessive and unreasonable. For the foregoing reasons the motion is granted in part.

**I. FACTS**

  The Plaintiff, Dabul-Montini, on behalf of her minor child N.D., filed a complaint on August 26, 2009, appealing a final decision of the Commissioner of Social Security that denied the minor child's application for Supplemental Security Income (SSI) benefits. Dkt. 20 at 3. Magistrate Judge Bianchini issued a Report and Recommendation recommending that the Commissioner's denial of benefits be reversed and that the case be remanded solely for the calculation of benefits. Dkt. 17 at 21. This Court adopted the Report and

Recommendation on September 7, 2010. Dkt. 18 at 1. A final judgment was entered in favor of the Plaintiff on September 7, 2010. Dkt. 19 at 1.

On November 29, 2010, Plaintiff filed a motion seeking attorney's fees in the sum of $10,880.58. Dkt. 20 at 6. The sum represents 60.75 hours Plaintiff's attorney worked on this matter. Id; see Dkt. 22 at 2. On December 21, 2010, Defendant filed a response in opposition to Plaintiff's request asserting that the requested fee is excessive and unreasonable. On December 29, 2010, Plaintiff filed a reply in opposition of Defendant's response, which did not comport with Local Rule 7.1(b)(2).[1]

## II.    DISCUSSION

The EAJA states in relevant part that:

> [A] court shall award to a prevailing party . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). A motion for attorney's fees must be filed within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). The parties do not dispute that Plaintiff qualifies as a "party" under the EAJA; that final judgment was entered in favor of Plaintiff on March 25, 2010; and that Plaintiff's fee request was timely filed.

The only dispute is whether the amount of attorney's fees requested is excessive Dkt. 23 at 1. Defendant characterizes the fee as "excessive" because "Plaintiff's counsel has

---

[1] Pursuant to the local rules, "[r]eply papers ... are not permitted without the Court's prior permission." Local Rule 7.1(b)(2). The Court did not grant Plaintiff leave to file a reply. Accordingly, the Court will not take into consideration Plaintiff's reply and denies the motion for additional attorney's fees incurred in connection with preparing the reply brief.

not asserted that the present case was unusually complex nor does she contend that that [sic] there are any 'special factors' which entitle her to a higher fee award in this case." Dkt. 23 at 4.  Specifically, Defendant asserts that the "15.67 hours spent solely on reviewing the record, is an unreasonable amount of time as is the time spent drafting the statement of facts, which was 21.75 hours." Id.  The Court agrees.

While the standard fee for routine social security cases under the EAJA in the Second Circuit averages around twenty to forty hours.  See Coughlin v. Asture, 2009 WL3165744, at *2 (N.D.N.Y. Sept. 28, 2009), Plaintiff's request is not significantly outside this norm.  It is not unprecedented to award more than forty-hours of fees under the EAJA. See Kania v. Shalala, 1995 WL 307604 *2 (W.D.N.Y., May 10, 1995).  Therefore, attorney's fees in excess of the routine twenty to forty hours will be awarded where the facts of the specific case warrant such an award. Hinton v. Sullivan, 1991 WL 123960, at *5 (S.D.N.Y. July 2, 1991); see also Scott v. Astrue, 474 F.Supp.2d 465, 467 (W.D.N.Y Feb 20, .2007).

In this case, Defendant asserts that Plaintiff's social security benefits case involved simple and routine issues that required limited time expenditures from an experienced attorney.  There is ample evidence in the record to conclude that this was a fact-intensive case, although perhaps not to the extent claimed by Plaintiff.  Plaintiff's attorney spent 4.92 hours reviewing case, interviewing the Plaintiff, preparing and filing the Complaint, and reviewing the answer.  The Court finds this to be reasonable. Another 15.67 hours were spent in reviewing the 651 page record, which included medical evidence, school records, and Individualized Education Plans.  This appears excessive and, accordingly, the Court will reduce 5.67 hours of attorney time.  Plaintiff's attorney spent 37.66 hours researching and writing the 25-page brief.  The Court finds this also to be somewhat excessive and, therefore,

reduces 7.66 hours of attorney time.  Lastly, Plaintiff's attorney spent 2.50 hours preparing the present motion for attorney's fees and its and accompanying exhibits.  The Court finds this amount be reasonable.   Accordingly, the Court will reduce 13.33 hours of attorney time at a rate of $179.37 per hour ($2,391.00 total), resulting in an approved total of 47.42 hours of attorney time.

### III.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion in part and awards attorneys fees in the amount of **$8,489.58**.

IT IS SO ORDERED.

Dated: April 21, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge